## STRIDER v WHIMS

Ohio Appeals, 2nd Dist, Franklin Co.

No. 3285. Decided Sept. 21, 1940.

Dale E. Miller, Canal Winchester, for plaintiff-appellee.

John H. Cooper, Columbus, for defendant-appellant.

## OPINION

BY THE COURT:

The above entitled cause is now being determined on appellee's motion to dismiss defendant's appeal on two grounds: First, that defendant did not file a transcript within fifty days of the filing of notice of appeal as required under Rule VII of our rules; and, second, that defendant's appeal was not filed within twenty days following the original entry as required by §12223-7 GC. We will take up these specifications in the same order presented in the motion.

Rule VII makes no reference to the time of filing of transcript of docket and journal entries. Possibly counsel refers to bill of exceptions, which is sometimes spoken of as transcript of the evidence.

The failure to file a bill of exceptions is not a ground for dismissal on motion, since errors may appear otherwise than in the bill. The Supreme Court has decided that the proper procedure is to consider the cause on the transcript of docket and journal entries and original papers. Where no bill of exceptions is filed, if no error appears, the judgment is affirmed.

We might say that no transcript of judgment and docket entries from the Common Pleas Court has been filed. This failure is not jurisdictional. Sec. 12223-8 GC, provides, among other things, the following:

"In event the transcript and papers are not filed within said time, either party may apply to the court to which the appeal was docketed to have the case docketed and the court shall order them filed."

The cause having been docketed in our Court through the filing of copy of notice of appeal as provided in Rule XV, rules of our Court, (Volume 52 Ohio Appellate Reports), we now, on our own motion order the transcript of the docket and journal entries of the Common Pleas Court to be filed.

This first grounds of the motion is not well taken.

We come now to consider the second ground of the motion. Defendant's notice of appeal, omitting the formal parts, reads as follows:

"Jackson D. Whims, defendant herein, hereby gives notice of appeal to the Court of Appeals of Franklin County, Ohio, from the Common Pleas judgment of said county, Ohio, as to law and facts in said cause and for all the things proper therein.

"Jackson D. Whims by
John H. Cooper as Attorney."

This notice of appeal was filed June 15, 1940.

The same is defective in the following particulars: It fails to designate the order, judgment or decree appealed from as required under §12223-5 GC.

We have frequently determined that this is not a jurisdictional defect when the final order is readily discernible. Counsel for plaintiff-appellee urge that the judgment intended to be appealed from was that of May 22nd rather than the judgment of May 31, 1940.

The entry of May 22nd is not a final order, whereas the entry of May 31st is the final order. The notice of appeal was within the statutory time from the final order of May 31.

The notice of appeal is also defective as it designates it as an appeal on law and fact, whereas it snould be on law.

We find that lawyers very frequently have a misconception as to what is meant by the term "law and fact". This is due to the fact that counsel do not read the applicable sections of the law. Sec. 12223-1 defines what is meant by an appeal on questions of law and appeals on questions of law and fact. In short, an appeal on question of law is an error proceeding, whereas, an appeal on question of law and fact is a chancery proceeding. It very clearly and positively appears that the case at bar was one at law and not chancery.

Again, we have frequently determined that we will not dismiss by reason of counsel's failure to properly designate his type of appeal. We follow §12223-22, ¶2, which reads as follows:

"Whenever an appeal on question of law and fact is taken in a case in which it is determined by the appellate court that the appellant is not permitted to retry the facts, the appeal shall not be dismissed, but it shall stand for hearing on appeal on questions of law."

When necessary, we also invoke the provisions of §11564 GC. We fix a time not exceeding thirty days for the preparation and settlement of a bill of exceptions. Counsel for appellant must determine whether or not a bill of exceptions is proper or necessary in the instant case, and if so, we now grant twenty days for such preparation and settlement.

From the meager information which we can glean from the file, it is probable that no evidence was taken in the Common Pleas Court and hence there may not be any factual questions as a basis for a bill of exceptions. This, however, as we have heretofore stated, must be determined by counsel.

The final entry of the Common Pleas Court would indicate that the question was determined wholly on a procedural question, but we fail to find the transcript of docket and journal entries in the file which is referred to in the final judgment. In fact, the only original papers from Justice's Court which we find are the bill of particulars of the plaintiff and the answer and cross-petition of the defendant.

Whatever was before the Common Pleas Court should be transmitted to us. Counsel will be given twenty days within which to perfect his record. If appellant takes no action within twenty days the case will be dismissed for failure to prosecute.

Counsel for appellee in his motion to dismiss asks that we invoke §12223-36 GC, and award damages and statutory allowances on the ground that the appeal was not taken in good faith. This matter can not be determined at this time since appellee's motion to dismiss is overruled.

Entry may be drawn overruling appellee's motion to dismiss.

HORNBECK, PJ., GEIGER & BARNES, JJ., concur.