### STRIDER v WHIMS

Ohio Appeals, 2nd Dist, Franklin Co

No 3285.  Decided Dec 12, 1940

Dale E. Miller, Canal Winchester, for plaintiff-appellee.

John H. Cooper, Columbus, for defendant-appellant.

## OPINION

BY THE COURT:

The above entitled cause is now being determined on plaintiff-appellee's motion to dismiss defendant's appeal on the claimed ground that the defendant did not file a bill of exceptions or perfect his appeal within the twenty day period formerly ordered by this. Court on a prior motion to dismiss. The cause originated before a justice of the peace in and for Madison Township, Franklin County, Ohio, and upon trial resulted in judgment for the plaintiff in the sum of $60.75 plus costs.

The defendant sought to appeal the case to the Common Pleas Court of Franklin County and therein the cause was dismissed for failure to file the transcript within the time prescribed under the statute. The motion of plaintiff was sustained, cause dismissed, and papers ordered returned to the justice's court.

Notice of appeal was then filed attempting to lodge the cause in our Court. The notice of appeal erroneously stated that the appeal was taken on questions of law and fact.

The plaintiff then filed motion to dismiss on the ground that appellant had not taken the necessary steps to perfect his appeal.

This motion was overruled in 32 Abs 674, an opinion released September 21, 1940. The reason for overruling the motion is fully set forth in the aforesaid opinion and will not be repeated. In examining the file at that time it was found that the transcript of the docket and journal entries from the justice's court had not accompanied the transcript of docket and journal entries and original papers from the Common Pleas Court. By reason of the fact that the notice of appeal was on questions of law and fact we did not dismiss, but gave appellant time within which to perfect his appeal by filing a bill of exceptions from the Common Pleas Court if evidence had been taken and further perfecting their record by incorporating the complete transcript of docket and journal entries.

It now develops that no evidence was taken before the Common Pleas Court and hence no bill of exceptions was or could be filed.

The transcript from the justice's court was incorporated so that at the present time we have all the papers upon which the Common Pleas Court predicated his finding and judgment. It was the holding of the Common Pleas Court that the filing of such transcript and original papers from the justice's court within thirty days was jurisdictional.

It is admitted that the same were not filed within the period but apparently it is the claim of counsel for appellant that such failure was not jurisdictional and it is sought to excuse such delay by reason of sickness.

Under this state of the record a motion to dismiss will not lie, but it is appropriate to determine whether or not the Common Pleas Court was in error in his judgment of dismissal. If no prejudicial error appears, then it would be our province to affirm the judgment rather than to dismiss the appeal.

It is our conclusion that the Common Pleas Court was correct in his holding that the obligation to perfect the appeal from the justice's court by filing proper papers was jurisdictional and that no discretion rests with the Court to extend the time on good cause shown. Counsel for the appellant has filed a brief on the merits and in the interest of bringing this cause to a final conclusion we at this time determine that the judgment of the Common Pleas Court should be affirmed and it is so ordered.

Counsel for plaintiff-appellee request that damages and attorney's fees be allowed as authorized under §§12223-35 and 12223-36 GC. Penalties are only allowed when the right is clear and unquestioned. The instant case is on the border line. Appellant had the right to have the jurisdictional question determined even though very readily we find the Common Pleas Court was correct in its finding and judgment. The application for penalty and attorney's fees will be overruled.

Costs will be adjudged against the appellant.

Cause is remanded to the justice's court for further proceedings according to law.

HORNBECK, PJ., GEIGER & BARNES, JJ., concur.